the slightest relation to the counts upon the new promise, which are founded on a distinct cause of action, and if the verdict correspond with the evidence on those counts, or either of them, the court ought not to set aside the verdict, because evidence was improperly taken out by the jury, not applicable in any respect to those counts, but to others founded on a distant cause of action.

4. The last reason assigned for a new trial is, that the verdict gives damages and interest on the bill of exchange. In this we think the jury did wrong, as no evidence was given to support the claim of damages, even if we could construe the defendant's promise as extending to them. We think the plaintiff was entitled to recover only the amount of the bill of exchange with interest, if the jury thought proper to give it in the name of damages, and that he may cure this defect in the verdict, by releasing all beyond what he is justly entitled to. There are three periods from which the interest may be calculated: The protest of the bill; the time of the promise; and the ability to pay. We reject the first, because this action is to be considered as founded on the new promise, which has no further connection with the bill of exchange than to ascertain the amount due, and to show a subsisting and continuing consideration. The promise proved is, "that the defendant would pay the bill of exchange if he ever got able;" that is, "that he would pay $600 when he should be able." If the promise had been to pay the bill generally, in consideration of forbearance, the defendant could not have been properly chargeable with interest, but from the time when the promise was made. But it was to pay when he should be able. Time then was given until he should be able, and interest could not properly be chargeable, until the contingency should happen, when payment was to be made, any more than if it had been to pay ten years afterwards, if he should then be able. The promise was of a debitum in presenti, solvendum in futuro; and in such a case, it is clear, that interest is not demandable until the debt is payable, unless an express stipulation to the contrary is made. We are, therefore, of opinion, that the plaintiff is not entitled to retain this verdict, unless he will agree to release all the damages beyond the $600, with legal interest from the time when it is proved the defendant was able.

Bills of exchange drawn in one state of the Union on persons living in another state, partake of the character of foreign bills; and ought to be so treated in the courts of the United States. Buckner v. Finley, 2 Pet. [27 U. S.] 586.

## Case No. 8,495.
### LONSDALE v. BROWN.
[See Case No. 8,494.]

## Case No. 8,496.
### LONSDALE CO. v. MOIES.
[1 Brunner, Col. Cas. 655; [1] 21 Law Rep. 658.]

Circuit Court, D. Rhode Island. June, 1857.

DEED — PROOF OF EXECUTION BY SUBSCRIBING WITNESS — EQUITY — EFFECT OF REGISTERED DEED WITH NOTICE OF PRIOR UNREGISTERED CONVEYANCE — INJUNCTION — NOTICE — OPEN AND NOTORIOUS POSSESSION — EASEMENT — RIGHT TO TAKE WATER — CANAL — PUBLIC USE — WATER RIGHTS.

1. A deed which is more than thirty years old at the time of the hearing, the grantor and one of the subscribing witnesses being dead, and the other testifying to her own signature as a witness, is sufficiently proved, though the witness can neither swear to the genuineness of the grantor's signature, nor the execution of the deed by him.

2. A court of equity has jurisdiction to postpone a registered deed taken with notice of a prior unregistered deed, and to enjoin an action at law based on the former deed against the grantee under the latter deed.

3. Visible possession and occupation by the grantee under an unregistered deed, known to the grantee under a registered deed, is sufficient, if not controlled by other circumstances, to warrant a court or jury in finding notice of the unregistered deed.

4. An incorporeal right to water may be granted in gross.

[Cited in Goodrich v. Burbank, 12 Allen, 462; Amidon v. Harris, 113 Mass. 64.]

5. A canal corporation may permit water to be drawn through its canal for mill purposes, if neither the public use nor any private right is thereby injured.

[Cited in Lonsdale Co. v. Moies, Case No. 8,-497.]

[Bill by the Lonsdale Company against Miles G. Moies for a title to certain water rights.]

CURTIS, Circuit Justice. This is a suit in equity, wherein the complainants assert their title to certain water rights, and pray that their title may be quieted as against the respondent, and especially as against a suit at law instituted by him, and now pending in this court. Both parties claim title under one Simon Whipple; the complainants through certain conveyances alleged to have been made by him, and the respondent through a conveyance made by Simmons and wife, in her right as the daughter and heir of Simon Whipple, after his decease, to Charles Moies, and by him to the respondent. Among the deeds alleged to have been made by Simon Whipple, and under which the complainant claims, is one in the following words and figures:

"To All People to Whom These Presents shall Come. I, Simon Whipple, of Smithfield, in the county of Providence, state of Rhode Island, send greeting. Know ye that I, the said Simon, for and in consideration of one dollar, in hand before the ensealing hereof, well and truly paid by Wilbur Kelly, of North Providence, state and county aforesaid, the receipt whereof I hereby acknowl-

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission.]